**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 24-CR-00082 |
| | : | Jud. Timothy J. Kelly |
| TAMONIE CHAMBLISS, | : | Sent. Date: September 26, 2024 |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Tamonie Chamblissf, by and through his counsel, Brian K. McDaniel and The Cochran Firm CD/CRS, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and, in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

On June 20, 2024 the Defendant appeared before this Court and entered a plea of guilty to Count Three: Unlawful Possession of a Firearm by an Individual Previously Convicted of a crime of Violence in violation of 22 DCC Sections 4503(a)(1) and (b)(1) and Count Four: Unlawful Possesion with Intent to Distribute Marijuana in violation of 21 USC Sections 841(a)(1) and (b)(1)(D).

Mr. Chambliss will now appear before this Court to be sentenced. The central issue before the Court is, what is the appropriate sentence for the Defendant – what sentence would be "sufficient but not greater than necessary" to satisfy the purposes of federal sentencing in the circumstances of this case. See 18 U.S.C. § 3553(a). Mr. Chambliss respectfully submits that a sentence of 36 months of imprisonment followed by a five-year

period of supervised release would satisfy the §3553 criteria in this case. In support of this sentencing recommendation, Mr. Chambliss asks this Court to consider the following: (1) Mr. Chambliss endured a very difficult childhood and did not meaningfully benefit from the presence of his biological father and mother in his life; (2) it is likely that Mr. Chambliss' chronic marijuana and other substance abuse contributed to the anti-social decision making which has resulted in his current exposure; and (3) Mr. Chambliss appears to have unresolved and untreated mental health challenges stemming from the loss of his mother during his childhood. For these and other reasons which appear both in the Presentence Investigation Report and herein below, the Defense submits that a sentence of 36 months of incarceration is sufficient but not greater than necessary in this matter.

I.      **The Advisory Sentencing Range**

The Presentence Investigation Report outlines the attending 46 to 64 month guideline sentencing range at paragraph 104 of the report. Mr. Chambliss agrees that the base offense level is determined pursuant to USSG §2D1.1 and that the government has agreed to a two level reduction in the offense level for Mr. Chambliss' early acceptance of responsibility and pursuant to USSG § 3E1.1(a) and (b). Additionally, Mr. Chambliss acknowledges the 36 month mandatory minimum which attends the District of Columbia Code Section offense. As a result of the final total offense level, the mandatory minimum and a criminal history category of III, the guideline range is the previously stated 46 to 64 months of incarceration.

II.     **The Other § 3553 Factors**

In the post-Booker era, the sentencing court's duty is to consider all the factors identified in 18 U.S.C. §3553(a) and impose a sentence sufficient, but not greater than

2

necessary" to comply with the four purposes of sentencing set forth in the statute. Those four purposes are the need for the sentence imposed to: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment: (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, §3553 requires the sentencing court to consider the following factors (in addition to the advisory Guidelines range and any pertinent policy statements issued by the Sentencing Commission) in imposing sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victim(s). 18 U.S.C. § 3553 (a)(1)-(7). For the reasons that follow, we submit that these purposes and factors support the 36 month sentence proposed by the defense.

      A.     *The nature and Circumstances of Mr. Chambliss' Offense*

During the change of plea hearing before this Court, Mr. Chambliss acknowledged his unlawful possession of a firearm as well as his possession of Marijuana for the purpose of it's distribution. This Court is called upon to consider the nature of the offenses which Mr. Chambliss has committed and there affects upon the community while weighing the same in its' sentencing determination. To be clear, Mr. Chambliss understands the danger which the unlawful possession of firerams and the illegal distribution of marijuana collectively create. He has taken a step towards accepting full responsibility for these acts by his entry of the plea, while looking forward to making life improvements while serving

3

his sentence. Defendant asks this Court to note however, that there were no allegations of violence in connection with the facts which supported his plea, and that the possession of the substance Mr. Chambliss has acknowledged is indeed lawful in the local jurisdiction in certain amounts. This is not offered to suggest that Mr. Chambliss' actions in this regard were lawful, only that they appear to be an effort to allow for the support of both himself and of his family. The nature of the offense committed is commiserate with the 36 months requested by the Defense.

### B. *The History and Characteristics of Mr. Chambliss*

The history and characteristics of Mr. Chambliss support the sentence which the Defense requests this Court to adopt. Three years of incarceration is a long time and would adequately punish Mr. Chambliss. These events obviously did not occur without the influence of the Defendant's early formation. As outlined in the PSR, Mr. Chambliss did not benefit from the presence of either his biological mother or father for a large portion of his life. According to the report, Mr. Chambliss' mother passed away from cancer when he was but 7 years old. Shortly thereafter, his father stopped "coming around" after her death. The absence of his mother and father resulted in his primary care, and that of his siblings, being undertaken by his maternal grandmother. There can be no doubt but that the loss of his mother and father had a profound affect on his self identification and negatively contributed to his development. Even with this, Mr. Chambliss graduated from H.D. Woodson High School and pursued a college education both at Virginia Union University and later at Bowie State University in Maryland. Unfortunately, the Defendant's entanglement with the criminal justice system in 2017 derailed his progress and Mr.

Chambliss was not able to complete his undergraduate education. The three years that he completed in college speak to the potential evidenced by Mr. Chambliss.

The Defendant has also had his own struggle with narcotics dependency, having begun a daily use of marijuana from the early age of 18. If this Court would allow for substance abuse treatment, there is every reason to believe that Mr. Chambliss would be able to complete his college education and continue his effort to become a thriving member of our community. This is crucial not only for the continued maturation of Mr. Chambliss, but also for the prospects of his two minor children with whom he is in meaningful relationship.

These and the other factors highlighted in the Sentencing Report support the 36 month sentence requested by the Defendant.

### C. *The Need to Provide Restitution to Any Victims*

Restitution does not appear to be a consideration in this matter.

### D. *The Purpose of Federal Sentencing*

As noted at the outset, Congress has identified four purposes of federal sentencing that must guide district courts in selecting a sentence within the statutory penalty range. The sentence must be "sufficient, but not greater than necessary" to serve those purposes. With these guideposts in mind, Mr. Chambliss respectfully asks this Court to impose a sentence of 36 months of imprisonment, followed by a five-year period of supervised release.

The first purpose of federal sentencing is "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." As discussed above, Mr. Chambliss understands that he has been convicted of a serious felony

offense. He is ashamed of his conduct which has resulted in his being exposed to the sentence which the Court is currently contemplating. He respectfully submits that the sentence proposed provides "just punishment" for his conviction, when the Court considers the additional sentencing elements available.

The second purpose of federal sentencing is "to afford adequate deterrence to criminal conduct." Thirty Six months of incarceration will send a clear message of deterrence to any one who might consider the commission of a similar offense. We respectfully submit that the proposed sentence is "sufficient but not greater than necessary" to serve the purpose of general deterrence.

The third purpose of federal sentencing is " to protect the public from further crimes of the defendant." In light of the very real and extended sentence that Mr. Chambliss is facing, he is and will be deterred from any future criminal activity. His current exposure has impressed upon him the need to remain in compliance with the law.

In conclusion, Mr. Chambliss presents before the Court prepared to be sentenced. We respectfully submit that the proposed sentence is fully consistent with the Court's statutory mandate to impose a sentence which is "sufficient, but not greater than necessary" to serve the purposes of federal sentencing.

Respectfully Submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The McDaniel Law Group, PLLC
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793

*Counsel for Tamonie Chambliss*

6